UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMALJT K. GOSAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | No. 2: 18-cv-00908 JAM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pretrial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Before the court is a motion to dismiss from defendant Wells Fargo, N.A. ECF No. 5. Plaintiff did not respond to the motion. At the June 13, 2018 hearing before the undersigned, plaintiff did not appear. ECF No. 20. Counsel appeared on behalf of defendant. Id. No argument was heard, and the matter was taken under submission. Id. Based on a review of the record, the court recommends the motion to dismiss be GRANTED and that this case be dismissed with prejudice.

**I.　　BACKGROUND**

A. Procedural History

Plaintiff Kamaljit Gosal initiated this wrongful foreclosure action in pro se on April 13, 2018, by filing a 12 page complaint against Wells Fargo in the Sacramento Superior Court. ECF

1

No. 1 at 10-17. Defendant removed the case to district court based on subject matter and diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. ECF No. 1 at 2-7.

On April 20, 2018, defendant filed a motion to dismiss. ECF No. 5. Plaintiff did not file an opposition or statement of non-opposition to the motion. On June 23, 2018, however, she filed a motion for a temporary restraining order on the grounds that defendant had committed slander of title against plaintiff and was trying to sell the subject property with insufficient showing of authority to do so. ECF No. 9. Plaintiff also filed a motion to expedite. ECF No. 10. The court denied these motions on the grounds that plaintiff had unjustifiably delayed seeking relief, and had not complied with Local Rule 231(b). ECF No. 11 at 1.

In light of plaintiff's failure to respond to defendant's motion, the court continued the hearing to June 13, 2018 and ordered that plaintiff file an opposition or statement of non-opposition by May 30, 2018. ECF No. 12 at 2. Plaintiff did not respond to that order, but filed another motion for a temporary restraining order on the same grounds as her previous motion. ECF No. 13 at 1-2. The court denied the motion on June 4, 2018 on the grounds that the second motion for temporary restraining order was substantially identical to plaintiff's first motion for temporary restraining order, and that plaintiff still did not comply with Local Rule 231(b) or the court's order to file a timely opposition or a statement of non-opposition to the motion to dismiss. ECF No. 18 at 1-2. In addition, plaintiff failed to provide the documents required under Local Rule 231(c). Id.

Plaintiff filed a motion for a 5-day extension of time to respond to the motion to dismiss, which was granted. ECF Nos. 15, 17. Plaintiff again failed to respond, despite the extension of time. A hearing was held on June 13, 2018 before the undersigned. ECF No. 20. Plaintiff failed to appear. Id. Counsel appeared on behalf of defendant. Id. Because of plaintiff's absence, no argument was heard, and the matter was taken under submission. Id.

B. Allegations of the Complaint

Plaintiff brings claims for wrongful foreclosure, to cancel trustee's sale, to void or cancel substitution of the trustee, negligence, breach of the implied covenant of good faith and fair dealing, violation of California business and professions code section 17200 et. seq., to quiet title,

2

1 | and slander of title. ECF No. 1-1 at 5-10.

Plaintiff asserts that she financed the mortgage for a property located at 584 Santa Ynez Way, Sacramento, CA 65816-3906 ("Subject Property") through defendant, and executed a promissory note in favor of defendant. Id. at 3-4. The note was secured by a Deed of Trust ("DOT") that named defendant as lender and beneficiary. Id. at 4. Plaintiff asserts that defendant sold its personal property interest to Fannie Mae REMIC, making Fannie Mae the "Trustee" on the DOT. Id. Plaintiff asserts that because of this, defendant did not have the legal authority to substitute NDEx West, L.L.C. and later, Barrett Dafin Frappier Treder & Weiss, LLP ("Barrett"), as trustee. Id. Plaintiff further alleges that because no one was assigned the Note by Fannie Mae, defendant and its subsequent substituted trustees have no legal right to initiate nonjudicial foreclosure proceedings. Id. Plaintiff asserts that as a result, the foreclosure and any attempts at enforcing the Note are invalid. Id.

Plaintiff also alleges that defendant engaged in conduct that drove plaintiff into foreclosure in order to acquire the property at a bargain basement price. ECF No. 1-1 at 6. Plaintiff alleges that defendant's conduct constitutes deceptive business practices. Id. at 7. Plaintiff alleges that on March 17, 2017 defendant executed a Notice of Default that was filed in the public record March 20, 2017. Id. at 4. Plaintiff further alleges that she received a Notice of Trustee's Sale in the mail January 3, 2018 that was not filed and did not contain authorized agent information required by Cal. Civ. Code § 2924. Id.

Plaintiff also alleges that the actual beneficiary of the DOT never provided a declaration to Barrett, stating that plaintiff was in default under the terms of the deed of trust. Id. Plaintiff alleges that because of this, the notice of default and any subsequent documents relating to a non-judicial foreclosure were in violation of Cal. Civ. Code § 2924(a)(1)(c). ECF No. 1 at 11. The crux of plaintiff's argument, and the pervasive theme throughout the complaint, is that defendant did not have the legal authority to initiate the nonjudicial foreclosure of the Subject Property. Id. at 3-10.

////

////

## II. MOTION TO DISMISS

Defendant seeks dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). Resolution of the motion turns on a determination whether defendant had a valid interest in the DOT, which is a matter that can be determined by reference to judicially noticeable documents as explained below.

### A. Standards under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of

factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Request for Judicial Notice

A court may take judicial notice of certain facts. Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even where a document is not subject to judicial notice, however, the court may still consider a document proffered for judicial notice, if it qualifies under the "incorporation by reference" doctrine. "[T]he "incorporation by reference" doctrine...permits us to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999)). The Ninth Circuit has extended the doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. Knievel, 393 F.3d at 1076.

Here, the court takes judicial notice of all exhibits submitted by defendant. ECF No. 6-1 at 2-39; ECF No. 21. All are matters of public record. Id. In addition, plaintiff and defendant

both reference the exhibits, but the documents are not attached to plaintiff's complaint. See ECF No. 1-1. They are provided separately by defendant. ECF No. 6-1 at 2-39. These documents include: (1) a copy of the February 26, 2003 recorded deed of trust ("DOT") obtained by plaintiff for the Subject Property, showing defendant as the lender-beneficiary; (2) a copy of the July 18, 2011 Notice of Default and Election to Sell Under Deed of Trust showing NDEx as trustee; (3) a copy of the October 17, 2011 Notice of Trustee's Sale showing NDEx as duly appointed Trustee; (4) a copy of the February 24, 2014 Notice of Trustee's Sale showing NDEx as Trustee; (5) a copy of the March 10, 2017 Substitution of Trustee showing Barrett Daffin Frappier Treder & Weiss, LLP (Barrett) as substitute; (6) a copy of the March 17, 2017 Notice of Rescission of Notice of Default showing Barrett as Trustee; (7) a copy of the March 20, 2017 Notice of Default and Election to Sell Under Deed of Trust showing Barrett as Trustee; (8) a copy of the June 26, 2017 Notice of Trustee's Sale showing Barrett as Trustee; (9) a copy of the July 27, 2011 Substitution of Trustee showing NDEx West, L.L.C. as substitute. ECF No. 6-1 at 2-39; ECF No. 21.

### C. Discussion of Claims

Defendant seeks dismissal of the complaint on the grounds that defendant has an interest in the DOT, and that all of plaintiff's individual causes of action accordingly fail to state a claim. ECF No. 5 at 3-10.

#### 1. *Wrongful Foreclosure*

"A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure; a foreclosure initiated by one with no authority to do so is wrongful for purposes of such an action." Yvanova v. New Century Mort. Corp., 62 Cal. 4th 919, 929 (2016). The basic elements of wrongful foreclosure are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Miles v. Deutsche Bank Nat'l Tr. Co., 236 Cal.

6

App. 4th 394, 408 (2015). A wrongful foreclosure suit can also be brought where the foreclosure was conducted by one who had no legal right to do so. <u>Sciarratta v. U.S. Bank Nat'l Ass'n</u>, 247 Cal. App. 4th 552, 566 (2016). Those who possess a legal right to foreclose are the trustee, mortgagee, beneficiary, or any of their authorized agents. Cal. Civ. Code § 2924(a)(1).

Defendant contends that the complaint fails to state a claim for wrongful foreclosure because it has an indisputable interest in the DOT; publicly recorded documents demonstrate that foreclosure was proper; and even if the mortgage were securitized, that would not support a wrongful foreclosure claim. ECF No. 5 at 10-18. Defendant is correct on all counts.

a. *Defendant Has An Interest In The Deed of Trust*

Plaintiff alleges that defendant does not have a legitimate interest in the DOT because defendant sold its interest to investors, ECF No. 1-1 at 16, but this is incorrect. The public record shows that defendant is the beneficiary. ECF No. 6-1 at 2-3. Specifically, the DOT identifies defendant as the lender and beneficiary. <u>Id.</u> The publicly recorded Notices of Default and Substitutions of Trustee all explicitly state that defendant is the beneficiary. ECF No. 6-1 at 19-21, 29, and 33-35. Therefore, defendant currently possesses a legitimate interest in the Subject Property, as it holds the note and the beneficial interest under the DOT.

b. *Publicly Recorded Documents Demonstrate Foreclosure Was Proper*

Plaintiff incorrectly asserts that the defendant in this action did not have the right to declare default or foreclose on the Subject Property because it was not lawfully appointed as trustee or hold assignment of the original note. ECF No. 1-1 at 4. The trustee under a trust deed "may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed." Cal. Civ. Code. § 2934a(a)(1). A trustee of a deed of trust acts at the direction of the lender-beneficiary. <u>Yvanova</u>, 62 Cal. 4th at 927. As a result, the trustee may formally initiate nonjudicial foreclosure only at the direction of the person that currently holds the note and beneficial interest under the DOT. <u>Id.</u>

As stated above, defendant is the current beneficiary under the DOT. As the sole beneficiary, defendant may substitute trustees at its discretion. Defendant has demonstrated

compliance with the Civil Code through its Substitution of Trustee documentation. ECF No. 6-1 at 29. Accordingly, defendant and its trustees had the right to conduct a nonjudicial foreclosure.

        c. *Securitization Would Not Affect Defendant's Ability To Enforce The DOT*

Exhibit A to the complaint is an affidavit from a "mortgage securitization analyst," who opines that securitization of the loan broke the chain of title.[1] Defendant disputes the affidavit, and argues that even if the loan was securitized, it would not alter or affect the legal beneficiary's standing to enforce the Deed of Trust. ECF No. 5 at 10-12. Courts have held that securitization allegations cannot form the basis of a wrongful foreclosure claim, because they merely create a separate contract, distinct from plaintiff's debt obligations under the note, and do not change the relationships of the parties in any way. E.g., Reyes v. GMAC Mortg. LLC, No. 2:11-CV-100 JCM RJJ, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011). Here, defendant and plaintiff's securitization analyst dispute whether the loan was securitized. ECF No. 1-1 at 12-16; ECF No. 5 at 12. However, defendant is correct in stating that even if the loan was securitized, it would not affect the borrower's wrongful foreclosure claim.

    2. *Negligence*

Plaintiff asserts that defendant had a duty of care to plaintiff as plaintiffs' lender and loan servicer, but breached that duty through its actions. ECF No. 1-1 at 5. This claim fails.

Negligence requires "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. County of San Mateo, 12 Cal. 4th 913 (1996). As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. Cal. Civ. Code § 3434; Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980). Liability to a borrower for negligence arises only when the lender "actively participates" in the financed enterprise "'beyond the domain of the usual money lender.'" Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991) (quoting Connor v. Great Western Sav. & Loan Assn., 69 Cal. 2d 850, 864 (1968)). Acting in a

---

[1] The affidavit does not include information about the affiant's education and training, and is unaccompanied by a curriculum vitae.

8

conventional role as a lender of money or supervision for the protection of a security interest in loan collateral does not constitute active participation. Wagner, 101 Cal. App. 3d at 35; Nymark, 231 Cal. App. 3d at 1096. This principle has been extended to loan servicers. Castaneda v. Saxon Mortg. Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009).

Here, defendant was acting in its capacity as a lending institution. Defendant substituted trustee twice, and its trustees recorded notices of default and a notice of trustee's sale against the Subject Property. ECF No. 5 at 9. Plaintiff's allegations do not give any indication that defendant stepped outside its role as a money lender. The complaint states only that defendant was negligent in "failing to properly and accurately credit payments toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so." ECF No. 1-1 at 5. Plaintiff does not provide any other facts to support her legal conclusions, and as a result fails to satisfy the duty element of her negligence claim. Id.

3. *Homeowner's Bill of Rights*

Plaintiff asserts that defendant violated the Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2932.5 and 2924.17(c), but she is incorrect. ECF No. 1-1 at 4-5.

Plaintiff asserts that defendant never had the legal authority to foreclose because its interest violated Cal. Civ. Code § 2932.5. ECF No. 1-1 at 5. Cal. Civ. Code § 2932.5 provides "the power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." The purpose of § 2932.5 is not to ensure that a borrower can identify the person holding the loan, but to allow a prospective buyer to know that the mortgagee has the authority to exercise the power of sale. In re Macklin, 495 B.R. 8, 24 (2013). A deed of trust does not convey a power of sale directly to the beneficiary-creditor, so it is immaterial whether an assignment of a promissory note was properly acknowledged and recorded when a deed of trust is used to secure a debt. Cal. Civ. Code § 2932.5; Orcilla v. Big Sur, Inc., 244 Cal. App. 4th 982, 1003 (2016). Courts have consistently held that § 2932.5 applies only to mortgages, not to deeds of trust. Haynes v. EMC Mortg. Corp., 205 Cal. App. 4th 329, 333 (2012). Plaintiff secured her mortgage using a deed of trust, and therefore, Cal. Civ. Code § 2932.5 does not apply. ECF No. 1 at 5.

9

The second statute plaintiff cites, Cal. Civ. Code § 2924.17(c), was in effect only until January 1, 2018 and did not contain a saving clause. Id. When a pending action rests solely on a statutory basis, and when no rights have vested under the statute, "a repeal of such a statute without a saving clause will terminate all pending actions based thereon." Rankin v. Longs Drug Stores California, Inc., 169 Cal. App. 4th 1246, 1256 (2009). Section 2924.17(c) is no longer operative and cannot be used. Both sections of the California Civil Code that plaintiff relies on are ineffectual in this case, and plaintiff fails to state a claim under HBOR.

### 4. *Implied Covenant of Good Faith and Fair Dealing*

Plaintiff's allegations that defendant engaged in conduct that drove plaintiff into foreclosure fail to state a claim for breach of the implied covenant of good faith and fair dealing. ECF No. 1-1 at 6. The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Racine & Laramie, Ltd. v. Department of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (1992). The scope of conduct prohibited is circumscribed by the purposes and express terms of the contract. Ellis v. Chevron, U.S.A. Inc., 201 Cal. App. 3d 132, 139 (1988). A party violates the covenant if it subjectively lacks belief in the validity of its act or if its conduct is objectively unreasonable. Carma Developers (Cal.), Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 372-73 (1992); see also Cal. Civ. Jury Instructions no. 325 (2017) (setting forth a five-part test).

Here, plaintiff claims that defendant engaged in conduct that drove plaintiff into foreclosure, which was done in bad faith. ECF No. 1-1 at 6. However, plaintiff fails to point to a purpose or express term of the contract, only stating "they had no intention of performing the contract, consisting of the original note and deed of trust." Id. Plaintiff's broad and conclusory allegation also fails to establish that defendant's conduct was objectively unreasonable. Id. For these reasons, plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing.

### 5. *California's Unfair Competition Law*

Plaintiff does not have injury sufficient to establish standing for a claim under California's Unfair Competition Law (UCL). Proposition 64 restricts standing to assert a UCL cause of

action. Trujillo v. First American Registry, Inc., 157 Cal. App. 4th 628, 639 (2007). In order to bring a claim under the UCL, a plaintiff must establish: (1) a loss or deprivation of money or property sufficient to qualify as injury in fact, that is, economic injury, and (2) that the economic injury was the result of, that is, caused by, the unfair business practice or false advertising that is the gravamen of the claim. Obesity Research Institute, LLC v. Fiber Research International, LLC, 165 F. Supp. 3d 937, 947 (S.D. Cal. 2016); Cal. Bus. & Prof. Code §§ 17204, 17535. Economic injury may be demonstrated through (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 323 (2011). Proposition 64 "added a requirement that a UCL plaintiff's 'injury in fact' specifically involve 'lost money or property.'" Id. at 324.

Here, plaintiff is able to show a significant loss, as she has been in default since 2011, and her arrears are almost 200k as of August 2017. ECF No. 6 at 19-21, 33-36. It is true that the nonjudicial foreclosure proceedings will result in the loss of her home. However, plaintiff has failed to show that defendant caused her loss by unfair business practice or false advertising. Obesity Research Institute, 165 F. Supp. 3d at 947. Plaintiff has made only conclusory allegations, such as "defendant failed to act in good faith as they take fees for services, but do not render them competently and in compliance with applicable law." ECF No. 1 at 14. Such allegations fall far short of what is necessary to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Accordingly, plaintiff's claim that defendant violated the UCL cannot withstand a motion to dismiss.

     6. *Claim to Quiet Title*

Plaintiff improperly seeks to quiet title to the Subject Property, stating that the defendant has no right to title or interest in the property. ECF No. 1-1 at 8. A borrower may not quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based; the cloud on title remains until the debt is paid. Luceras v. BAC Home Loans

11

Servicing, LP., 221 Cal. App. 4th 49, 86 (2013). As stated above, defendant has a right to title in the property, as it is the current beneficiary. In addition, plaintiff has not fully paid off her mortgage, and for that reason cannot quiet title against defendant. ECF No. 5 at 16; ECF No. 6-1 at 33-35. Accordingly, plaintiff fails to state a claim to quiet title.

### 7. *Slander of Title*

Plaintiff cannot bring a claim for slander of title. Plaintiff asserts that defendant wrongfully caused the recording of the notice of default and notice of trustee's sale because it did not have lawful authority in the Subject Property. ECF No. 1-1 at 9. Slander or disparagement of title is accomplished if a publication is reasonably understood to cast doubt upon the existence or extent of another's interest in land. Fearon v. Fodera, 169 Cal. 370, 379-80 (1915); Hill v. Allan, 259 Cal. App. 2d 470, 489 (1968). The elements of the tort are: (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. Trucks Ins. Exchange v. Bennett, 53 Cal. App. 4th 75, 84 (1997). Under Cal. Civ. Code § 2924(a), a trustee, mortgagee or beneficiary or any of their authorized agents may commence the foreclosure process. In initiating the nonjudicial foreclosure process, a trustee must record a notice of default and a notice of sale. Id. Recordation of a notice of default and a notice of sale are privileged and cannot form a basis of liability in court. Cal. Civ. Code § 2924(d)(1).

Here, defendant had the ability to commence the foreclosure process as the current DOT beneficiary. In addition, plaintiff cannot bring a slander of title claim under the notice of default and sale, as they are privileged recordation. Id. Accordingly, this claim cannot be maintained.

### D. Amendment Would Be Futile

For the reasons explained above, none of plaintiff's causes of action state a claim upon which relief may be granted. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However,

if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

Here, as explained above, the judicially noticed documents establish beyond dispute that defendant Wells Fargo was the original lender and remains the beneficiary of the Deed of Trust. As such, it has the legal right to initiate foreclosure. Plaintiff's challenge to defendant's authority to foreclose cannot be cured by amendment. For the reasons previously explained, her securitization theory and claims for negligence, violation of the HBOR, quiet title and slander of title all fail as a matter of law. The documentary record supports the conclusion that plaintiff cannot allege additional facts that would cure the deficiencies of the UCL and good faith and fair dealing claims. This conclusion is further supported by the boilerplate nature of those causes of action in combination with plaintiff's repeated failure to respond to the motion to dismiss. Accordingly, the undersigned concludes that amendment would be futile.

### III. CONCLUSION

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 5) be GRANTED and that this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE